# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| TIMOTHY SHELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:19-CV-521-HSM-DCP |
| MITZIA WADDILL and JESSIE HODGERS, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of civil rights filed pursuant to 42 U.S.C. § 1983. On January 21, 2020, the Court entered an order noting that Plaintiff had not filed the required documents with his motion for leave to proceed *in forma pauperis*, directing the Clerk to send him a prison account statement form, and providing Plaintiff thirty days to send in the required documents [Doc. 4]. Plaintiff responded to this order by stating that jail officials will not provide him with the required documents [Doc. 5]. Accordingly, for the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**. Also, this action will be **DISMISSED** as duplicative and for failure to state a claim upon which relief may be granted under § 1983.

### I. FILING FEE

As set forth above, while Plaintiff has not filed the required documents to proceed *in forma pauperis*, he states that this is due to jail officials refusing to provide those documents to him [Doc. 5 p. 1]. Accordingly, the Court will not further delay this action and Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**.

Because Plaintiff is an inmate in the Carter County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Main Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk also will be **DIRECTED** to furnish a copy of these documents to the Court's financial deputy. These documents shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

**II.     SCREENING**

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard

articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

It is apparent from Plaintiff's filings herein and his filings in his previously filed § 1983 lawsuit in this District, *Shell v. Doe*, No. 2:19-CV-086-CLC-CRW (filed May 28, 2019), that Plaintiff's complaint herein is duplicative. Specifically, in his other pending action in this District, Plaintiff sued unnamed individuals based on his allegations that they were deliberately indifferent to an injury to his arm prior to him being sent to prison. *Shell*, No. 2:19-CV-086-CLC-CRW [Doc. 2]. Plaintiff has now updated his complaint in that action to name Mitzia Waddill as a defendant *Id.* [Doc. 19]. Similarly, Plaintiff's complaint herein names two individuals, including Mitzia Waddill, as Defendants and states that "they sen[t] [him] to prison and didn't le[t] [him] ge[t] [his] arm finished" [Doc. 2 p. 2–3].

Accordingly, it is apparent from the only facts Plaintiff provided in his complaint herein that this lawsuit is duplicative of Plaintiff's previously filed lawsuit. Faced with a duplicative suit,

3

such as this one, a federal court may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit. *See Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). With respect to duplicative suits, the Sixth Circuit has stated that

> "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

*Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (alterations in original). Thus, Plaintiff's complaint herein is subject to dismissal as duplicative.

Further, even if Plaintiff's complaint herein was not duplicative, it would still be subject to dismissal. Specifically, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983, as it provides no facts from which the Court can determine that either of the named Defendants violated Plaintiff's constitutional rights. *Iqbal*, 556 U.S. 662, 678, 681 (2009) (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and Plaintiff will be **ASSESSED** the filing fee. However, even liberally construing the amended complaint in favor of Plaintiff, it is duplicative and fails to state a claim upon which relief may be granted under § 1983. As such, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The Court **CERTIFIES** that any appeal

from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R**:

                                            */s/ Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE